802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ABDULLAH JIHAD AL-JAAMI, Plaintiff-Appellee
v.
JIMMY HARRISON, CHARLES CUBINE, AND BOBBY MANESS,
Defendant-Appellants.
 No. 85-5657.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1986.
 
 BEFORE: KRUPANSKY and BOGGS, Circuit Judges; and PORTER, Senior District Judge*
 PER CURIAM.
 
 
 1
 Defendants/appellants Jimmy Harrison, Charles Cubine, and Bobby Maness (collectively referred to as "defendants") appealed the jury verdict for plaintiff Abdullah Jihad Al-Jaami (plaintiff) in this prisoner civil rights action.
 
 
 2
 Plaintiff was and is presently a prisoner in the custody of the Tennessee Department of Corrections. He alleged that on December 29, 1981 while incarcerated at Fort Pillow State Prison in Tennessee, he ordered through the mail three books on the martial arts at a cost of $30.00 He did not receive the book which prompted him to inquire of the defendants[1] as to their whereabouts. After six months had elapsed he was served with a personal property notification form stating that the books had been donated to a charity by defendants because they had been adjudged a threat to prison security. Plaintiff also disclosed a section of the Tennessee Department of Corrections procedural policy which mandated that upon a determination by the warden that printed materials posed a threat to prison security, the materials would be returned to the sender marked "refused due to content." Plaintiff charged that this procedure was ignored and that the confiscation and donation of his books to charity without compensation or the opportunity to challenge the confiscation resulted in a denial of due process. The prison officials asserted that adequate safeguards accompanied their determination that the books posed a security threat, that they conformed with due process because they followed prison rules in disposing of the books and that they were consequently entitled to qualified immunity. The jury returned a verdict in favor of plaintiff and awarded him damages for mental anguish in the amount of $250 against Manness and $600 each against both Cubine and Harrison. In addition to the foregoing amounts, the court, as a matter of law, assessed the sum of $30 against defendants jointly and severally for the books which had been donated to charity. Defendants thereupon move for judgment notwithstanding the verdict or, in the alternative, a new trial. The court denied the motion and this appeal ensued.
 
 
 3
 On appeal, defendants argued that they were entitled to qualified good faith immunity as a matter of law. A review of the record before this court discloses that at the time plaintiff's cause of action arose in the instant case, the rights of prisoners receiving publications or other mail as well as the procedural safeguards accompanying a prison official's decision to deny receipt were well established. Due process requires appropriate notice, a reasonable opportunity to challenge the initial determination and an ultimate decision by a disinterested party not privy to the initial censorship determination. Accordingly, defendants were not entitled to qualified good faith immunity.
 
 
 4
 Defendants next contend that the district court erred in failing to set aside the jury verdict awarding damages for mental anguish. The record discloses that plaintiff introduced no evidence whatsoever to prove that he suffered mental anguish or emotional distress as a result of the alleged deprivation. Consequently, the jury's award of $250 damages against Maness and $600 each against Cubine and Harrison is unsupported by the evidence and is accordingly reversed. The court's award of $30, representing the actual cost of plaintiff's books, is affirmed.
 
 
 5
 For the foregoing reasons, the district court's denial of qualified good faith immunity is AFFIRMED. The district court's order of $30 actual damages is AFFIRMED and the jury's verdict awarding damages for mental anguish is REVERSED.
 
 
 
 *
 Hon. David S. Porter, Senior District Judge, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 At the times relevant to this cause of action, defendants occupied the following positions at Fort Pillow: Harrison was the warden, Cubine was the internal affirs officer and Maness was property control officer